IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**DENNIS ARTHUR CLEVELAND,**<br>[DOB: 12/27/1949]<br><br>Defendant. | No. 25-3180-01-CR-S-MDH<br><br>**COUNT 1**<br>18 U.S.C. § 1341<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNT 2**<br>18 U.S.C. § 1028A(a)(1)<br>NLT 2 Years Imprisonment<br>   (Consecutive to Counts 1 and 3)<br>NMT $250,000<br>NMT 1 Year Supervised Release<br>Class E Felony<br><br>**COUNT 3**<br>18 U.S.C.§ 1957<br>NMT 10 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION**<br>18 U.S.C. §§ 981(a)(1)(A) and (C) and<br>982(a)(1)<br>28 U.S.C. § 2461(c)<br><br>$100 Special Assessment (Each Count) |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this Information:

## Background and Introduction

1. The defendant, **DENNIS ARTHUR CLEVELAND**, referred to hereafter as **"CLEVELAND"**, owned and operated several businesses collectively referred to as "Affordable Towing."

2. Affordable Towing operated and was licensed by the State of Missouri as a towing company, a used motor vehicle dealership, a salvage dealer, a body shop, and a vehicle mechanic repair business.

3. **CLEVELAND**, through his employees, and doing business as Affordable Towing, utilized the United States mail to submit documents to obtain Abandoned Property and Mechanic Lien titles for vehicles in his possession.

## Scheme and Artifice to Defraud

4. **CLEVELAND**, through his direction of others, transmitted and caused to be transmitted documents through the United States Postal Service (USPS). **CLEVELAND**, who directed and conspired with his employees, through the business of Affordable Towing, used the identity of individual vehicle owners to obtain or attempt to obtain Missouri vehicle titles without the consent or knowledge of the individual vehicle owners, and forged the owners' name on the submitted documents.

5. **CLEVELAND**, through his control of Affordable Towing caused numerous titles to be applied for through his employees between April 2021 and November 2023.

6. Each title application was mailed to Missouri Department of Revenue (DOR) using the USPS. Each application packet contained forged and unauthorized signatures of vehicle

owners, who confirmed that Affordable Towing did not have permission to tow or take possession of their vehicle.

7. **CLEVELAND**, knowingly and through his direction of his employees, submitted a title or lien application packet that involved the theft of the property owners' identities and vehicles that were used to submit packet applications that contained false information and committed the underlying offense of Mail Fraud, pursuant to Title 18, U.S.C. Section 1341.

8. Those vehicles which **CLEVELAND** was able to obtain liens and titles through fraudulent means, he then sold through his used vehicle dealership. **CLEVELAND**, his employees, and Affordable Towing as a business, never had the consent or knowledge of the actual vehicle owners to either possess or sell their vehicles. **CLEVLAND** then took the sales proceeds of the fraudulently obtained vehicles for himself to pay for his personal and business expenses.

9. Upon receiving the proceeds of this scheme to defraud through the USPS, **CLEVELAND** then deposited the proceeds into his Affordable Towing business account with Oakstar Bank. **CLEVELAND** then placed all of these monies into his business account, therein mixing fraudulently obtained funds with legitimately earned monies, allowing him to conceal the source of his ill-gotten monies.

10. **CLEVELAND**, through his business Affordable Towing, caused and directed his employees to sell any vehicles that DOR refused to provide a mechanic's lien or replacement title for to a local scrapyard. **CLEVELAND** received at least $220,000 in cash proceeds from the sale of these illegally obtained vehicles. Furthermore, **CLEVELAND,** through Affordable Towing, was required to keep records of the scrapped vehicles by Vehicle Identification Number (VIN) so that the vehicles could be tracked. Affordable Towing failed to keep any of the scrapped vehicles'

VINs, thereby concealing what happened to vehicles that were otherwise stolen or illegally obtained.

11. Neither **CLEVELAND**, nor the employees he directed, were authorized by the lawful owners of the scrapped vehicles to sell them to a scrapyard. **CLEVELAND** kept all fraudulently obtained monies received after having these vehicles scrapped with a local scrapyard.

12. **CLEVELAND**, while directing his employees and permitting the aforementioned mail fraud scheme to occur, deposited checks received from the scrapyard and the sale of these vehicles, into the same Affordable Towing business account with Oakstar Bank, which was under the control of **CLEVELAND** and was also mixed with the company's legitimate funds, resulting in the concealment of the illegally obtained monies.

## COUNT 1
(Mail Fraud)
18 U.S.C. § 1341

13. **W.C.** was the owner of a 2018 Toyota Tundra at the time of this scheme. On January 28, 2021, **W.C.** passed away from natural causes. After **W.C.**'s death, **DENNIS ARTHUR CLEVELAND**, aiding and abetting, as well as conspiring with others, caused the title and mechanic's lien packet to be sent to the DOR for **W.C.**'s vehicle, despite never receiving authorization from **W.C.** The application packet sent to DOR for **W.C.'s** 2018 Toyota Tundra had been signed, prepared, notarized, and mailed with what was represented as the legitimate signature of **W.C.** despite the fact that he had previously passed away.

14. On or about April 6, 2021, the defendant, **DENNIS AUTHUR CLEVELAND**, through his business Affordable Towing and his direction of his employees, caused to be sent, an Application for Missouri Title and License, Form 108, dated April 6, 2021, and an Affidavit for a Mechanic Lien, Form 1062, dated and notarized on April 6, 2021, and a towing log sheet

4

containing **W.C.'s** forged signature, dated January 28, 2021, through the USPS. Ultimately, **W.C.** had passed away prior to when the 2018 Toyota Tundra vehicle came to be in the possession of **CLEVELAND** or Affordable Towing, and **W.C.** could not have signed the aforementioned documents or authorized the sending of these documents to transfer possession of his vehicle to either **CLEVELAND** or Affordable Towing.

15. Finally, **CLEVELAND** caused to be transmitted by the USPS documents to obtain fraudulently applied for title and lien documents he was not authorized by the lawful owner to receive. All in violation of Title 18, United States Code, Section 1341.

## COUNT 2
(Aggravated Identity Theft)
18 U.S.C. § 1028A(a)(1)

16. On or about April 6, 2021, said date being approximate, the defendant, **DENNIS ARTHUR CLEVELAND**, knowingly caused to be used, without lawful authority, a means of identity and identification of another person, during and in relation to the offense of mail fraud as alleged in the aforementioned paragraphs and Count 1, in violation of Title 18, United States Code, Section 1341, namely the signature of another person known as **W.C.**, when in truth and fact, the signature provided on these documents was signed by someone other than **W.C.** and without his permission.

17. **CLEVELAND**, through his control of Affordable Towing and his employees, caused to be sent, an Application for Missouri Title and License, Form 108, dated April 6, 2021, an Affidavit for a Mechanic Lien Title, Form 1062 also dated and notarized April 6, 2021, and a towing log sheet containing **W.C.'s** forged signature, dated January 28, 2021, through the USPS. **W.C.** had passed away prior to when the vehicle came to be in the possession of **CLEVELAND** and Affordable Towing, and could not have signed or authorized the sending of

5

the aforementioned documents. All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 3
(Money Laundering)
18 U.S.C. § 1957

18. On or about May 19, 2023, in the Western District of Missouri and elsewhere, the defendant **DENNIS ARTHUR CLEVELAND**, who did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, the defendant received a check of an amount greater than $10,000 from Bancorp South, for a previously stolen and fraudulently sold 2021 Toyota Corolla, that **CLEVELAND** caused to be sold, and deposited those funds into the Oakstar Bank business account for Affordable Towing, such funds having been derived from a specified unlawful activity, that is, mail fraud, pursuant to Title 18, United States Code, 1341. All in violation of Title 18, United States Code, Sections 1957.

## FORFEITURE ALLEGATION

19. The factual allegations of this Information are re-alleged and incorporated as though fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(A) and (C) and 982(a)(1), and Title 28, United States Code, Section 2461.

20. As a result of the offenses alleged in this Information in Counts 1 through 3, inclusive, and pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and (C) and 982(a)(1) and Title 28, United States Code, Section 2461, the defendant, **DENNIS ARTHUR CLEVELAND**, as to the Information, shall forfeit to the United States all property, real and personal, constituting, involved in, and derived from any proceeds the defendant obtained directly

6

Case 6:25-cr-03180-MDH    Document 6    Filed 12/12/25    Page 6 of 8

and indirectly as a result of the violations incorporated by reference in this Forfeiture Allegation. Including but not limited to the following:

## MONEY JUDGEMENT

21. A money judgment representing proceeds obtained by the defendant, in that, the sum in aggregate constitutes and derived from proceeds traceable to the offenses set forth in the Information and all property involved in and derived from proceeds from the money laundering offenses.

## SUBSTITUTE ASSETS

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

7

Case 6:25-cr-03180-MDH    Document 6    Filed 12/12/25    Page 7 of 8

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of forfeitable property.

                                              Respectfully submitted,

                                              R. MATTHEW PRICE
                                              United States Attorney

                                              */s/ Patrick A. N. Carney*
                                              PATRICK A. N. CARNEY
                                              Assistant United States Attorney

DATED:    12/12/2025
              Springfield, Missouri